JOSEPH MARTINEZ & others *vs.* STATE RACING COMMISSION. October 8, 1980. It is forbidden to administer a drug to a race horse for the purpose of affecting its speed. G. L. c. 128A, § 13B. The State Racing Commission (Commission) enacted rule 515, promulgated as 205 Code Mass. Regs. 4.41(3) (1978), pursuant to its statutory rule making power (G. L. c. 128A, § 9) for the purpose of creating a procedure to enforce § 13B. Rule 515 provided in material part (its amendment on January 7, 1980, is not material to this case) that urine specimens collected from horses "shall be tested by the Racing Chemist at the State Police Laboratory who is hereby designated as the official chemist" of the Commission. The plaintiffs are licensed trainers of race horses who were found by the Commission after a hearing to have administered drugs illegally to horses who were entered in races. They were suspended for nine months. A judge of the Superior Court, to which the plaintiffs appealed (G. L. c. 30A, § 14), annulled the Commission's action. The judge erred.

The cardinal issue is the propriety vel non of the Commission's action in giving any weight to the urine tests conducted by persons other than the racing chemist in places other than the State police laboratory. The Commission interpreted rule 515 as permitting the consideration of the tests performed in this case at the Illinois Racing Board Laboratory and at a proprietary laboratory because the State police laboratory did not have the sophisticated equipment necessary to detect the presence of fentanyl, a proscribed drug which was found in the urine of the horses involved in this case. We agree with the Commission that the results of the tests referred to constituted "substantial evidence," as that term is defined in G. L. c. 30A, § 1(6), and that nothing in rule 515 precluded its consideration of such evidence. The judgment is reversed, and a new judgment is to be entered which upholds the decision of the Commission.

*So ordered.*

*Scott A. Smith,* Assistant Attorney General, for the defendant.
*Kevin P. Curry* for the plaintiffs.